UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JIMMY THACKER, JR., ) | |
| ) | |
| Petitioner, ) | Civil Case No. 19-125-GFVT-CJS |
| ) | |
| v. ) | |
| ) | |
| JAMES DAVID GREEN, ) | **MEMORANDUM ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jimmy Thacker, Jr., *pro se*, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (R. 1). Additionally, he has filed a Motion for Leave to Hold Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in Abeyance. (R. 10). Therein, he asks the Court to stay his § 2254 Petition and hold it in abeyance until such time as he exhausts one of his habeas claims in Kentucky state court. For the reasons below, Thacker's Motion for Leave to Hold Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in Abeyance (R. 10) will be denied.

**I.    BACKGROUND**

In March 2011 a Kentucky jury convicted Thacker of "one count of first-degree assault, five counts of first-degree wanton endangerment, and for being a first-degree persistent felony offender." *Thacker v. Commonwealth*, No. 2011-SC-000338-MR, 2012 WL 3632349, at \*1 (Ky. Aug. 23, 2012). *Id.* Thacker's convictions arose after he "shot Elizabeth Conn multiple times while she, her little girl, and some of her friends were at her mother's house." *Id.* The state trial court sentenced Thacker "to twenty (20) years for first-degree assault and twenty (20) years for being a first-degree persistent felony offender (PFO I), to run concurrently; and a total of six (6)

years for five counts of first-degree wanton endangerment," for a total sentence of 26 years in prison. *Id.* at *2.

Thacker appealed directly to the Kentucky Supreme Court, challenging the admission of prior-bad-acts evidence and arguing that the trial court incorrectly ran "the 20-year sentence for PFO I concurrently with the 20-year sentence for the underlying first-degree assault." *Id.* The Kentucky Supreme Court rejected Thacker's prior-bad-acts claim but agreed with his sentencing claim. *Id.* at *1-2. Accordingly, the matter was "remanded to the trial court to enter a new judgment of one sentence of 20 years on the first-degree assault conviction, enhanced to 20 years under the first-degree persistent felony offender conviction, instead of two separate 20-year sentences on the assault and PFO convictions." *Id.* at *2.

In April 2013 Thacker, through counsel, moved to vacate, set aside, or correct his sentence under Kentucky Rule of Criminal Procedure (RCr) 11.42, alleging that his trial counsel was ineffective. *See Thacker v. Commonwealth*, No. 2017-CA-001293-MR, 2019 WL 1578679, at *1 (Ky. Ct. App. Apr. 12, 2019) ("Thacker filed his motion pursuant to RCr 11.42 on April 24, 2013, alleging that his trial counsel's performance was deficient in eight areas."); (R. 1, Page ID 13, (identifying post-conviction counsel as Christine Foster)). Pertinent here, Thacker argued that his trial counsel "was ineffective for failing to have him evaluated for competency to stand trial and to present an [extreme emotional disturbance (EED)] defense." *Thacker*, 2019 WL 1578679, at *3. After conducting three hearings, the state trial court denied Thacker's RCr 11.42 motion. *Id.* at *1. The Kentucky Court of Appeals affirmed. *Id.* Thacker represents that the Kentucky Supreme Court denied his subsequent motion for discretionary review on August 21, 2019. (R. 1, Page ID 10). And Thacker states that in September 2019 he filed a post-conviction motion under

2

Kentucky Rule of Civil Procedure (CR) 60.02 for a new trial, which motion remains pending. (R. 1, Page ID 12; R. 10, Page ID 99).[1]

In December 2019 Thacker filed his § 2254 Petition (R. 1) and moved to hold his Petition in abeyance while he pursued relief on his CR 60.02 motion in state court (R. 6). This Court denied the motion to hold the case in abeyance without prejudice, noting, in part, that Thacker failed to identify a habeas ground he was seeking to present to the state court in his CR 60.02 motion and failed to factually or legally explain why the Court should hold his case in abeyance. (R. 8).

In March 2020 Thacker filed the pending Motion for Leave to Hold Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in Abeyance. (R. 10). An amended memorandum in support of Thacker's § 2254 Petition (R. 10-1) and a copy of his CR 60.02 motion (R. 10-2) were attached to this filing. In seeking a stay and abeyance, Thacker identified his "sixth argument" as the habeas ground that he wished to pursue in state court. (R. 10, Page ID 100). In Thacker's amended memorandum, he stated his sixth ground as follows: "Post-conviction counsel, the Honorable Christine Foster rendered ineffective assistance of counsel during the Movant's RCr 11.42 proceedings which were the Movant's initial review collateral post-conviction proceedings, in violation of the 6th and 14th Amendments to the U.S. Constitution." (R. 10-1, Page ID 121). As posed, this sixth ground is identical to the claim raised in Thacker's CR 60.02 motion. (*Compare id. with* R. 10-2, Page ID 129).

In its March 27, 2020, Order (R. 12) the Court conducted a preliminary review of Thacker's Motion for Leave to Hold Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in

---

[1] The Court's review of the underlying state court docket (Floyd Circuit Court Docket 10-cr-114) on CourtNet 2.0 indicates that a Motion for a New Trial was filed on September 18, 2019. As of the date of this Order, there is no docket entry showing a ruling on the motion. *See Johnson v. Michigan*, No. 2:16-CV-13215, 2016 WL 5791453, at *1 n.1 (E.D. Mich. Oct. 4, 2016) (taking judicial notice of information from another court's website in § 2254 case).

Abeyance. Specifically, the Court noted that a federal court generally may not grant a writ on a "mixed petition"—a petition containing claims both presented and unpresented to the state court. (R. 12, Page ID 156 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). Further, a stay and abeyance is inappropriate where the relief requested falls outside the scope of federal habeas review. (*Id.* (citing *Yuschak v. Sheldon*, No. 1:19CV520, 2020 WL 620373, at *2 (N.D. Ohio Jan. 16, 2020), *report and recommendation adopted*, No. 1:19CV520, 2020 WL 619956 (N.D. Ohio Feb. 10, 2020))). And because the ineffectiveness of post-conviction counsel is not a cognizable ground for relief in a § 2254 proceeding, a stay and abeyance appeared unwarranted. (*Id.* (citing § 2254(i)). However, the Court gave Thacker the opportunity to file a memorandum explaining why he should be permitted to exhaust his sixth ground in state court.[2] (*Id.* at Page ID 157).

Thacker has since filed a memorandum. (R. 14). In response, Respondent does not object to an abeyance but nonetheless argues that Thacker's claim is non-cognizable. (R. 17). Thacker replied on May 13, 2020 (R. 19), and the Court took the motion to hold in abeyance under advisement pending Respondent's Answer to the § 2254 Petition, as such might address the merits of Thacker's unexhausted sixth ground and inform whether a stay was proper (R. 20, Page ID 186). Respondent has since answered (R. 24), Thacker has replied to the Answer (R. 31), and thus Thacker's Motion for Leave to Hold Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in Abeyance is ripe for decision.

## II.     ANALYSIS

### A.     The Exhaustion Requirement

The exhaustion requirement is the reason Thacker requests to stay his § 2254 Petition and hold this matter in abeyance until the state courts adjudicate his CR 60.02 motion. A federal court

---

[2] The Court in its March 27, 2020, Order also permitted Thacker's amended memorandum in support of his § 2254 Petition to supersede his original memorandum. (R. 12, Page ID 157).

cannot grant habeas relief if there is still a potential state remedy for the state courts to consider. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(b)(1)). To be deemed properly exhausted, therefore, each claim must have been fairly presented to the state courts. *See id.* at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *see also Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009) ("Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim."). The exhaustion requirement "affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state court, including the state court of last resort." *Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir. 1990). When a petitioner has failed to fairly present his claims to the state courts and no state remedy remains, his claims are procedurally defaulted and are barred from habeas review. *See Woolbright v. Crews*, 791 F.3d 629, 631 (6th Cir. 2015).

      **B.**      **Thacker is not Entitled to a Stay and Abeyance**

A "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). And, as a threshold consideration, this Court may not grant Thacker "a stay [if] his unexhausted claims are plainly meritless." *Id.* Here, Respondent argues that Thacker's unexhausted ground—that post-conviction counsel was ineffective—is plainly meritless because such claims are expressly forbidden by § 2254(i), which provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." (R. 24, Page ID 218).

Respondent's argument is correct. As the Sixth Circuit has concluded, "[t]he language of [§ 2254(i)] is clear. It expressly bars relief grounded on claims of incompetent or ineffective

5

counsel in federal [and state] post-conviction proceedings." *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005). And, as the Supreme Court has observed, because "[t]here is no constitutional right to an attorney in state post-conviction proceedings" there can be no claim based on the deprivation of effective state post-conviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Accordingly, Thacker's ineffective assistance of post-conviction-counsel ground is non-cognizable and a stay and abeyance to exhaust this ground is thus unwarranted. *Yuschak*, 2020 WL 619956, at *3 (concluding that stay and abeyance was unwarranted where petitioner sought to exhaust non-cognizable claims).

Thacker objects, arguing that treating his ineffective-assistance-of-post-conviction-counsel ground as non-cognizable runs afoul of the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). (R. 14, Page ID 160-61). In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Relying on this holding, Thacker reasons that his claim is thus cognizable. (*See* R. 14, Page ID 162). He is mistaken.

*Martinez's* holding permits ineffective-assistance-of-post-conviction-counsel claims to serve only as "*cause* for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9 (emphasis added). *Martinez* itself reaffirmed § 2254(i)'s prohibition on freestanding claims of ineffective-assistance-of-post-conviction counsel, i.e., instances where the habeas claim itself argues that post-conviction counsel was ineffective as opposed to arguing that post-conviction counsel was ineffective so as to *excuse the procedural default* of a separate ineffective-assistance-of-trial-counsel claim.

> Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." "Cause," however, is not synonymous with "a ground for relief." A

> finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. In this case, for example, Martinez's "ground for relief" is his ineffective-assistance-of-trial-counsel claim, a claim that AEDPA does not bar. Martinez relies on the ineffectiveness of his postconviction attorney to excuse his failure to comply with Arizona's procedural rules, not as an independent basis for overturning his conviction.

*Id.* at 17. Importantly, as in *Martinez*, "§ 2254(i) precludes [Thacker] from relying on the ineffectiveness of his postconviction attorney as a '*ground for relief*.'" *Id.* (emphasis added).

Before concluding, the Court notes that a cursory reference in Thacker's memorandum in support of a stay and abeyance indicates that he alternatively wishes to use *Martinez* for its intended purpose—to allow him to use post-conviction counsel's alleged ineffectiveness to serve as cause to excuse the default of an ineffective-assistance-of-trial-counsel claim.

> It is necessary for the petitioner to exhaust this [ineffective-assistance-of-post-conviction-counsel] claim in state courts, so that when this court reviews his § 2254 petition, it will shine a light on the complete ineffective assistance of trial counsel and help this court to decide and determine that trial . . . counsel rendered ineffective assistance of counsel.

(R. 14, Page ID 167). Thacker fails to identify the ineffective-assistance-of-trial-counsel claim that he would seek to excuse as being procedurally defaulted. However, his amended memorandum and CR. 60.02 motion briefly allege that his post-conviction counsel was ineffective for not proving that his "trial attorney[] rendered ineffective assistance in not getting him evaluated [for competency] prior to trial." (R. 10, Page ID 121, 129). Assuming that Thacker seeks to use *Martinez* to excuse the default of such a claim, *Thacker* hits a roadblock—this claim is not procedurally defaulted. As Thacker himself recognizes, he presented, and the state courts considered, this very claim. (*Id.* at Page ID 129); *see Thacker*, 2019 WL 1578679, at *3 ("Thacker secondly maintains that counsel was ineffective for failing to have him evaluated for competency to stand trial . . . ."). Notably, this claim is the basis for Thacker's third ground for relief in his habeas petition, which claim neither he nor Respondent have treated as procedurally defaulted.

7

(*Id.* at Page ID 112). Thus, *Martinez* does not apply. *Cunningham v. Shoop*, 817 F. App'x 223, 225 (6th Cir. 2020) (noting that *Martinez* does not apply where underlying "ineffective-assistance claim has not been barred by state-law procedural default").

### III.  CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Thacker's Motion for Leave to Hold Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in Abeyance (R. 10) is hereby **denied.**

Dated this 30th day of November, 2020.



Signed By:
<u>Candace J. Smith</u>
United States Magistrate Judge

J:\DATA\habeas petitions\general orders\19-125-GFVT Thacker order on mtn re abeyance.docx