UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JIMMY THACKER, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. 19-125-GFVT-CJS |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES DAVID GREEN, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Petitioner Jimmy Thacker, Jr., *pro se*, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (R. 1). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). As explained below, it will be recommended that Thacker's § 2254 Petition **be denied**.

I.   **BACKGROUND**

In March 2011 a Kentucky jury convicted Thacker of "one count of first-degree assault, five counts of first-degree wanton endangerment, and for being a first-degree persistent felony offender." *Thacker v. Commonwealth*, No. 2011-SC-000338-MR, 2012 WL 3632349, at *1 (Ky. Aug. 23, 2012). *Id.* Thacker's convictions arose after he "shot Elizabeth Conn multiple times while she, her little girl, and some of her friends were at her mother's house." *Id.* The state trial court sentenced Thacker "to twenty (20) years for first-degree assault and twenty (20) years for being a first-degree persistent felony offender (PFO I), to run concurrently; and a total of six (6) years for five counts of first-degree wanton endangerment," for a total sentence of 26 years in prison. *Id.* at *2.

Thacker appealed directly to the Kentucky Supreme Court, challenging the admission of prior-bad-acts evidence and arguing that the trial court incorrectly ran "the 20-year sentence for PFO I concurrently with the 20-year sentence for the underlying first-degree assault." *Id.* The Kentucky Supreme Court rejected Thacker's prior-bad-acts claim but agreed with his sentencing claim. *Id.* at *1-2. Accordingly, the matter was "remanded to the trial court to enter a new judgment of one sentence of 20 years on the first-degree assault conviction, enhanced to 20 years under the first-degree persistent felony offender conviction, instead of two separate 20-year sentences on the assault and PFO convictions." *Id.* at *2.

In April 2013, Thacker, through counsel, moved to vacate, set aside, or correct his sentence under Kentucky Rule of Criminal Procedure (RCr) 11.42, alleging that his trial counsel was ineffective. *See Thacker v. Commonwealth*, No. 2017-CA-001293-MR, 2019 WL 1578679, at *1 (Ky. Ct. App. Apr. 12, 2019) ("Thacker filed his motion pursuant to RCr 11.42 on April 24, 2013, alleging that his trial counsel's performance was deficient in eight areas."); (R. 1, Page ID 13 (identifying post-conviction counsel as Christine Foster)). After conducting three hearings, the state trial court denied Thacker's RCr 11.42 motion. *Thacker*, 2019 WL 1578679, at *1. The Kentucky Court of Appeals affirmed, *id.*, and the Kentucky Supreme Court denied Thacker's subsequent motion for discretionary review on August 21, 2019. *Thacker v. Commonwealth*, No. 2019-SC-0234. Thacker states that he filed a post-conviction motion for a new trial in September 2019 under Kentucky Rule of Civil Procedure (CR) 60.02. (R. 1, Page ID 12; R. 10, Page ID 99).[1]

---

[1] Review of the underlying state court docket (Floyd Circuit Court Docket 10-cr-114) on CourtNet 2.0 indicates a Motion for a New Trial was filed on September 18, 2019. The Court takes judicial notice of this case docket. *See Chase v. Macauley,* 971 F.3d 582, 587 n.1 (6th Cir. 2020) (taking judicial notice of information from another court's website in a § 2254 case) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")). It appears the state trial court ruled on that Motion on January 13, 2021 because there is a docket entry stating, "Motion overruled as untimely and repetitive." (capitalization omitted). Regardless, if the state trial court has not yet ruled on the Motion, that has no impact on the instant case because, as explained below, Thacker is not entitled to stay his habeas case to exhaust in state court the sixth ground brought in his Motion.

In December 2019 Thacker filed his § 2254 Petition with this Court (R. 1) and moved to hold his Petition in abeyance while he pursued relief on his CR 60.02 motion in state court (R. 6). The Court declined to hold the case in abeyance, noting, in part, that Thacker failed to identify a habeas ground he was seeking to present to the state court in his CR 60.02 motion and failed to factually or legally explain why the Court should hold his case in abeyance. (R. 8).

Thereafter, Thacker again moved to hold his § 2254 Petition in abeyance pending exhaustion of his CR 60.02 motion in state court. (R. 10). An amended memorandum in support of Thacker's § 2254 Petition (R. 10-1) and a copy of his CR 60.02 motion (R. 10-2) were attached to this filing. In seeking a stay and abeyance, Thacker identified his "sixth argument" as the habeas ground that he wished to pursue in state court. (R. 10, Page ID 100). In Thacker's amended memorandum, he stated his sixth ground as follows: "Post-conviction counsel, the Honorable Christine Foster rendered ineffective assistance of counsel during the Movant's RCr 11.42 proceedings which were the Movant's initial review collateral post-conviction proceedings, in violation of the 6th and 14th Amendments to the U.S. Constitution." (R. 10-1, Page ID 121). As posed, this sixth ground is identical to the claim raised in Thacker's CR 60.02 motion. (*Compare id. with* R. 10-2, Page ID 129).

In its November 30, 2020 Order, the Court denied Thacker's request to hold his case in abeyance, concluding that his ground that post-conviction counsel was ineffective was not cognizable under the plain terms of § 2254(i). (R. 32, Page ID 358). In the meantime, Respondent answered Thacker's § 2254 Petition (R. 24), and Thacker replied (R. 31). Accordingly, the matter is now ripe for adjudication of the following six grounds raised by Thacker:

> 1) Mr. Thacker was denied his right to a fair trial when his statement suggesting he had a prior criminal record was introduced a trial;
>
> 2) Defense counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth amendments to the United States Constitution and §§ 2 and

3

11 of the Kentucky Constitution by failing to present evidence that Jimmy Thacker acted in self-defense;

3) Counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by failing to have Mr. Thacker evaluated for EED [extreme emotional disturbance] and competency to stand trial;

4) Defense counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by failing to move to excuse a biased juror;

5) Defense counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by instructing Petitioner to testify that he did not remember what happened the night of the shooting; and,

6) Post-conviction counsel, the Honorable Christine Foster rendered ineffective assistance of counsel during the Movant's RCr 11.42 proceedings which were the Movant's initial review collateral post-conviction proceedings, in violation of the 6th and 14th Amendments to the U.S. Constitution.

(R. 10-1, Page ID 104-21).[2]

## II.    ANALYSIS

### A.    Legal Standards

Where, as here, a § 2254 petition was filed after April 24, 1996, review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Under the AEDPA, a petitioner may obtain habeas relief if the state court's adjudication of his ground "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

---

[2] To enhance readability, minor alterations have been made to some of Thacker's stated grounds quoted above without the alterations being specifically identified.

4

The "contrary to" and "unreasonable application" clauses of the first exception under § 2254(d)(1) have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). First, "[a] state court's decision is contrary to clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [this] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams*, 529 U.S. at 405-06).

Second, a state court's decision involves an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted).

Thus, under the AEDPA, the question for this Court is "not whether a federal court believes the state court's determination was incorrect but whether the determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-03.

Moreover, a petitioner carries the burden of proof, and "this is a difficult to meet, and highly deferential, standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal citations omitted). In addition, factual findings of the state court are presumed correct unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Section 2254 relief is grounded in the rationale that federal habeas review exists to ensure that individuals are not unconstitutionally imprisoned; therefore, it is intended to cure only serious constitutional errors, not merely to correct errors of fact or re-litigate state adjudications. *See Herrera v. Collins*, 506 U.S. 390, 401 (1993) ("Federal courts are not forums in which to re-litigate state trials."). Further, the Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

The AEDPA's standard of review under 28 U.S.C. § 2254(d) applies only to grounds that were adjudicated on the merits. *See Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007). Where the state court did not rule on the merits of a petitioner's ground, application of a *de novo* standard of review is appropriate. *Id.* at 450. In determining whether a ground was adjudicated on the merits such that AEDPA's heightened deference applies, the habeas court must look to the last reasoned state-court opinion to determine the basis for the state court's rejection of the petitioner's federal constitutional claim. *Yist v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

Here, all of Thacker's grounds, except his first, allege some form of ineffective assistance of counsel. To succeed on an ineffective-assistance-of-counsel ground, a petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, he must show that "counsel made errors so serious that counsel

6

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* He meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 695.

Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697. ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). Finally, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult," because both *Strickland* and § 2254(d) are "highly deferential" and when both the standards apply together, review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).

7

B.  **Thacker's Grounds for Relief**

1.  **Introduction of prior criminal record**

Thacker's first ground argues that the state trial court erred in admitting at trial his statement, "I'm going back to prison," which he uttered before shooting the victim. (R. 10-1, Page ID 106). On direct appeal, the Kentucky Supreme Court described the basis for this ground as follows:

> The victim and four other eyewitnesses testified that just before the shooting, Appellant exclaimed, "I'm going back to prison." Prior to trial, Appellant filed a motion in limine to suppress the statement, arguing that it was not relevant and was more prejudicial than probative. The trial court held that the statement could be introduced to rebut Appellant's claim that he acted under EED[]. On appeal, Appellant contends that, pursuant to [Kentucky Rule of Evidence (KRE)] 404(b), it was error to admit the statement.

*Thacker*, 2012 WL 3632349, at *1. After reviewing the ground under Kentucky evidentiary law, the Kentucky Supreme Court determined that the trial court did not abuse its discretion by admitting the statement, concluding that "the statement was relevant and its probativeness as to Appellant's intent and state of mind [regarding his EED defense] was not substantially outweighed by any prejudice he may have suffered from the jury hearing he had been to prison before." *Id.* at *2. Citing this reasoning, Respondent argues that, because the Kentucky Supreme Court's decision rested on state evidentiary law, federal habeas relief cannot be granted on this ground. (R. 24, Page ID 206-08).

Although Thacker frames this ground as the denial of his *federal* constitutional due process right to a fair trial, he notably concentrates his efforts on arguing that the Kentucky courts misapplied *Kentucky* evidentiary law, specifically KRE 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." (R. 10-1, Page ID 105-08). But such argument, rather than advancing Thacker's ground, undermines it. This is because inquiries into a state's application of

8

its own law "*is no part* of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (emphasis added). Critically, relief under § 2254(d)(1) is limited to contrary or unreasonable applications of "clearly established Federal law, as determined by the Supreme Court." *See Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986) ("A federal court must accept a state court's interpretation of that state's statutes and rules of practice."). This means that pure state law questions "are not cognizable in federal habeas proceedings." *Lewis v. Jeffers*, 497 U.S. 764, 783 (1990).

Here, Thacker's current ground is a fitting example of inviting a federal habeas court to do what it may not—review pure questions of state law. Accordingly, to the extent that Thacker argues that the state trial court erred in admitting his statement as prior-bad-acts evidence, he fails to state a cognizable claim for habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) ("Therefore, to the extent that Bey claims that the trial court's admission of the "other acts" evidence violated Ohio R. Evid. 404(B), he does not provide a cognizable basis for granting habeas relief.").

Although the bulk of Thacker's memorandum presents this ground as an attack on the Kentucky Supreme Court's application of Kentucky evidentiary law, Thacker also *asserts* a federal constitutional ground for relief. He argues that the admission of the prior-bad-acts evidence denied him his due process right to a fair trial. (R. 10-1, Page ID 104-05). True, [w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). However, the type of infraction required to implicate due process concerns is narrow because, "[g]enerally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id.* (quoting *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000)). Here,

9

Thacker's attack on the admission of prior-bad-acts evidence fails to fall within the purview of federal habeas relief because "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Thacker attempts to convince otherwise by citing *Old Chief v. United States*, 519 U.S. 172 (1997), as favorable Supreme Court precedent. (*See* R. 10-1, Page ID 107). But *Old Chief* "addressed whether prior acts testimony is permissible under the Federal Rules of Evidence," and the Supreme Court "has not explicitly addressed the issue in constitutional terms." *Bugh,* 329 F.3d at 513. Accordingly, this ground fails.

### 2. Trial counsel's alleged failure to present self-defense evidence

Thacker's second ground argues that his trial counsel failed to present evidence at trial indicating that he acted in self-defense at the time of the shooting, stating that counsel should have admitted a 911 call indicating that another person at the time of the shooting had a gun. (R. 10-1, Page ID 108). In affirming the trial court's denial of Thacker's RCr 11.42 motion for post-conviction relief, the Kentucky Court of Appeals rejected this ground.

> At the very least, Thacker argues, he was entitled to an instruction on imperfect self-defense (i.e., that he was "'mistaken in his belief' in the need for self-protection"). In support of this argument, Thacker points to his own testimony at the hearings as well as a recording of the 911 call on the date of the incident (wherein mention was made of another person besides Thacker being in possession of a weapon).
>
> On this issue, the circuit court was faced with conflicting evidence, including Thacker's own testimony. At trial and at the initial RCr 11.42 hearing, Thacker testified that he went to the victim's home and began shooting without ever being shot at by others present at the scene. It was Thacker's recollection on both occasions that he had "snapped" and did not remember anything about that night. Thus, the circuit court correctly ruled that under those facts and circumstances it would have been improper to instruct the jury on self-defense or imperfect self-protection. Moreover, trial counsel, who appeared as a witness at the RCr 11.42 hearing, testified similarly and produced her notes from her interview of Thacker in December 2010. Counsel's notes reflected Thacker's statements to her at the time of the 2010 interview.

> Our review of the record confirms that the circuit court's findings are supported by the testimony of the witnesses as well as the exhibits proffered. The circuit court did not ignore the contents of the 911 recording, but rather it chose to rule, given the evidence before it, that Thacker did not act in self-protection and therefore his trial counsel was not ineffective for failing to pursue that as a defense to his charges. We find no error in this regard.

*Thacker*, 2019 WL 1578679, at *2 (internal citations omitted).

Respondent argues that this ruling was not contrary to nor an unreasonable application of the ineffective-assistance standard contained in *Strickland*. (R. 24, Page ID 211). As with his first ground, Thacker misunderstands the nature of federal habeas review. The Court again rejects his improper attempts to argue Kentucky law; specifically, his contention that the state courts erred in rejecting his argument regarding self-defense or imperfect self-protection. *See Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) ("We agree with the State that Curtis is impermissibly attempting to use a petition for a writ of habeas corpus to press his preferred interpretation of Illinois law. We may not review state-court interpretations of state law."); (R. 10-1, Page ID 110).

Although Thacker, at least superficially, asserts a constitutional claim—the denial of the right to effective assistance of counsel—his ground again fails due to the prohibition on reviewing state court rulings on state law issues. Critically, as noted above, the Kentucky Court of Appeals rejected Thacker's ineffective-assistance ground on the basis that counsel could not have been ineffective for failing to pursue self-defense or imperfect self-protection avenues because they were not available *under Kentucky law*. *Thacker*, 2019 WL 1578679, at *2. Accordingly, while in some habeas cases, ineffective-assistance grounds "can drag federal courts into resolving questions of state law," *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020), because a court must determine whether counsel performed so deficiently under state law as to be deemed ineffective under the Federal Constitution, where, as here, the state court concludes that counsel was not ineffective

11

based on a failure to comply with state law, the state court's "finding[s] are largely immaterial," *Lint v. Prelesnik*, 542 F. App'x 472, 480 (6th Cir. 2013). Rather, conducting "a detailed analysis of state law . . . misses the mark on habeas review" because any error of state law "is not a basis to grant [habeas] relief." *White v. Steele*, 629 F. App'x 690, 696 (6th Cir. 2015). Instead, the only material consideration is that the state court "made . . . a finding [based on state law issues]." *Lint*, 542 F. App'x at 480.

Applying this reasoning here, because the Kentucky Court of Appeals made a finding that self-defense or imperfect self-protection avenues were unavailable to Thacker *under Kentucky law*, counsel could not have been constitutionally ineffective under *Strickland* for failing to pursue those unavailable defenses. *See Boone v. Bergh*, No. 04-CV-40077, 2009 WL 1124468, at *5 (E.D. Mich. Apr. 23, 2009) ("Since the evidence of flight was apparently admissible under state law, and since it was ambiguous enough to be interpreted either in favor of or against Boone—especially in light of the trial court's jury instruction—the Court concludes that defense counsel was not ineffective for failing to object to Sergeant Raycraft's comments or to the jury instruction on flight."); *cf. Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). Accordingly, this ground fails.

### 3. Trial counsel's alleged failure to present an extreme emotional disturbance (EED) defense and to have Thacker evaluated for competency to stand trial

Some clarification of Thacker's ground is needed at the forefront. Thacker labels the heading for this ground as follows: "Counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by failing to have Mr. Thacker evaluated for EED and competency to stand trial." (R. 10-1, Page ID 112). This heading is identical to the heading used in Thacker's appellate brief to the Kentucky Court of Appeals in appealing the denial of his RCr 11.42 motion.

12

The heading suggests that the ground centers on counsel's alleged failure to have Thacker evaluated by a doctor for purposes of (1) presenting an EED defense and (2) for purposes of evaluating his competency to stand for trial. However, Thacker's memorandum in support of his § 2254 Petition, which largely copies his appellate brief to the Kentucky Court of Appeals, presents no developed argument in support of his first iteration of this ground—that counsel should have had him evaluated by a doctor for purposes of presenting an EED defense. (*See* R. 10-1, Page ID 112; R. 31, Page ID 342).

Likewise, Thacker never specifically argued on appeal that trial counsel should have had him evaluated by a doctor for purposes of presenting an EED defense. Moreover, the Kentucky Court of Appeals construed this iteration of the ground as arguing that counsel was ineffective for failing *to present evidence* in support of an EED defense. However, the Kentucky Court of Appeals rejected such a claim because counsel did present evidence in support of an EED defense: "Concerning the latter allegation, the trial record refutes it: Counsel presented evidence that Thacker's actions were prompted by his EED and voluntary intoxication; the jury was instructed on both. *Thacker*, 2012 WL 3632349, at *1. Thus, this part of Thacker's argument on appeal must fail." *Thacker*, 2019 WL 1578679, at *3. Because Thacker has presented no developed argument as to how this determination was contrary to or an unreasonable application of Supreme Court precedent, this conclusory iteration of his ground fails.[3] *See Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance, however, like those Wogenstahl makes here, are insufficient to state a constitutional claim.").

---

[3] Alternatively, to the extent that Thacker wishes to argue that his trial counsel was ineffective for failing to have a doctor evaluate him for purposes of presenting an EED defense, he likewise fails to state a constitutional claim due to his lack of providing a developed supporting argument.

13

Thacker's second iteration of this ground argues that trial counsel was ineffective for not having him evaluated for his competency to stand trial, alleging that he has low IQ, an intellectual disability, and mental health problems. (R. 10-1, Page 112). In rejecting this iteration of the ground in state court, the Kentucky Court of Appeals noted that Thacker failed to provide any evidence that he was incompetent to stand trial and the record evidence refuted his assertion of incompetency.

> KRS 504.060(4) defines incompetency to stand trial: "'Incompetency to stand trial' means, as a result of mental condition, lack of capacity to appreciate the nature and consequences of the proceedings against one or to participate rationally in one's own defense." Not only did Thacker "participate rationally in [his] own defense," but he also failed to be tested for competency by his expert witness at the post-conviction stage. Having failed in his burden of proof, Thacker cannot now convince this Court that the circuit court erred in finding against him on this issue.

*Thacker*, 2019 WL 1578679, at *3. Respondent argues that this ruling was not contrary to nor an unreasonable application of the ineffective-assistance standard contained in *Strickland*. (R. 24, Page ID 213-14).

"To be competent to stand trial or proceed to sentencing, a criminal defendant must possess (1) a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and (2) "a rational as well as factual understanding of the proceedings against him."' *United States v. Dubrule*, 822 F.3d 866, 875 (6th Cir. 2016) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *see Godinez v. Moran*, 509 U.S. 389, 395 (1993) (applying this standard in the habeas context). This standard is consistent with that employed by the Kentucky Court of Appeals under K.R.S. § 504.060(4) in analyzing Thacker's ground. *See Keeling v. Commonwealth*, 381 S.W.3d 248, 262 (Ky. 2012) (noting similarity to the above standard and K.R.S. § 504.060(4)); *see also Slagle v. Bagley*, 457 F.3d 501, 513-14 (6th Cir. 2006) ("The state-court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness

of them. Instead, it is sufficient that the result and reasoning are consistent with Supreme Court precedent.") (internal citation omitted).

As noted above, the Kentucky Court of Appeals concluded that the record demonstrated that Thacker participated rationally in his defense. Thus, he could not show he was incompetent. *Thacker*, 2019 WL 1578679, at *3. Because the Kentucky Court of Appeals reviewed this ground under the correct legal standard, deference under the AEDPA applies. Moreover, the Court is entitled to rely on the factual finding of the Kentucky Court of Appeals that Thacker was competent under § 2254(e)(1). *See Scott v. Mackie*, No. 19-1494, 2019 WL 8645628, at *3 (6th Cir. Aug. 27, 2019) ("Because the state court applied the proper legal standard for determining Scott's competency as announced in *Godinez*, the district court could rely on the state court's finding regarding Scott's competency.").

Thacker offers no developed argument on habeas review to explain why counsel was ineffective under *Strickland* in declining to have him evaluated for competency. Rather, he simply repeats his assertions that his low IQ, intellectual disability, and mental health problems demonstrated that he was incompetent. (R. 31, Page ID 343) ("Just because Mr. Thacker could wipe his nose, or answer a simple question, does not mean he has the mental capacity to comprehend the extent of his actions."). But by only offering conclusory assertions, Thacker has failed on habeas review under § 2254(e)(1) to provide "clear and convincing evidence" to rebut "the presumption of correctness" of the finding by the Kentucky Court of Appeals that he was competent. *Rowe v. Motley*, No. 07-153-ART, 2008 WL 4490205, at *18 n. 4 (E.D. Ky. Sept. 30, 2008) ("Bare allegations that law enforcement was uncooperative are not sufficient to rebut the presumption of correctness accorded to state court factual findings."). And being unable to show that he was incompetent to stand trial, he cannot show under *Strickland* that his counsel was ineffective for failing to have him tested for competency. *See Smith v. Beckstrom*, No. 12-cv-237-

15

JMH, 2014 WL 5107469, at *6 (E.D. Ky. Jan. 30, 2014), *report & recommendation adopted*, 2014 WL 5107467 (E.D. Ky. Sept. 30, 2014) ("Because petitioner has not shown that either victim would have been found incompetent under Kentucky law (i.e., lacked the ability to understand their obligation to tell the truth or to recollect the facts in question), neither petitioner's post-conviction nor trial counsel may be deemed ineffective for failing to question the victims' competency."); *see also Scott*, 2019 WL 8645628, at *3 ("In addition, the district court found no prejudice to Scott by counsel's failure to further investigate because, as explained above, considering Scott's demeanor and capabilities at the hearing, it was unlikely for the trial court to find that Scott was incompetent to accept the plea.  Reasonable jurists would not debate the district court's resolution of Scott's second ineffective-assistance claim.").  Accordingly, this ground fails.

### 4. Trial counsel's alleged failure to move to excuse a biased juror

Thacker's fourth ground argues that his counsel was ineffective for failing to move to excuse a juror that went by the nickname "Poodle," whom Thacker alleges he knew because Poodle used to buy drugs from the victim's mother.  (R. 10-1, Page ID 115).  Thacker vaguely alleges that Poodle was biased against him due to Poodle's alleged relationship with the victim's family.  The Kentucky Court of Appeals rejected this ground on the facts, concluding that Thacker's testimony about the juror's alleged bias was not credible.

> Thacker's third assertion of error is that his trial counsel was ineffective for failing to strike an alleged biased juror (nicknamed "Poodle").  Thacker claimed that the juror had personal knowledge of the victim's family and that he had advised trial counsel during voir dire that he wanted the juror struck from the panel.  It was Thacker's word against three others (trial counsel, a social worker who assisted at defense table during the trial, and the juror in question).  We defer to the circuit court's finding that Thacker's testimony about the juror's bias was not credible.

*Thacker*, 2019 WL 1578679, at *3.  Respondent argues that Thacker has failed to rebut this factual finding under § 2254(e)(1) and thus Thacker's ground fails.  (R. 24, Page ID 214).

16

"Because [Thacker's] claim for ineffective assistance of counsel is based on his trial counsel's failure to strike a biased juror, [he] must show that the juror was actually biased against him." *Miller v. Webb*, 385 F.3d 666, 674 (6th Cir. 2004). But this he cannot do. Rather, Thacker summarily alleges that Poodle was biased against him. Again, conclusory allegations are not "clear and convincing evidence" to rebut "the presumption of correctness" of the finding of the Kentucky Court of Appeals that there was no evidence of juror bias. *See Betts v. Tibbals*, No. 1:11-CV-01107, 2014 WL 4794530, at *6 (N.D. Ohio Sept. 24, 2014) ("The trial court's determination of whether the state's challenges were discriminatory was a factual determination, which would require Betts to rebut the trial court's finding with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Betts failed to show any clear and convincing evidence which would prove the trial court's decision to be incorrect. In fact, Betts has offered no argument other than a conclusory statement that the stated reason was not credible."). Thacker has failed to show any juror bias. Accordingly, this ground fails.[4]

### 5. Trial counsel's alleged instruction directing Thacker to testify falsely

Thacker's fifth ground argues that his trial counsel was ineffective for directing him to testify falsely that he did not remember what happened on the night of the shooting. (R. 10-1, Page ID 120). Once again, the Kentucky Court of Appeals rejected this ground on the facts.

> Our last issue for consideration is whether trial counsel was ineffective (and unethical) for coaching Thacker to testify untruthfully that he had no memory of the incident in question. Again, it was a matter of conflicting testimony. Trial counsel's notes corroborated her statements about Thacker's interview wherein he had stated that he had gotten upset and began shooting and then could not remember what happened after that. At least four other witnesses testified similarly. The

---

[4] Thacker's Reply asks the Court to direct Respondent to file "trial CD's and the transcript of the hearing in question." (R. 31, Page ID 344). Presumably, Thacker desires a transcript of the voir dire proceeding at his underlying trial. Thacker claims that a video of the proceeding will show him pointing to "Poodle" and explaining to a social worker how he knew her. (*Id.*). However, even if the video would support Thacker's assertions that he knew Poodle, such would not be clear and convincing evidence to rebut the state courts' findings that there was no evidence of actual juror bias.

17

circuit court's finding against Thacker was supported by substantial evidence, and we decline to set it aside.

*Thacker*, 2019 WL 1578679, at *3.

Respondent argues that this ground fails because Thacker has failed to rebut this factual finding under § 2254(e)(1). (R. 24, Page ID 216). Once more, where § 2255(e)(1) demands "clear and convincing evidence" to rebut "the presumption of correctness" of the finding of the Kentucky Court of Appeals, Thacker offers only his continued assertions that counsel coached him to lie. This is not "clear and convincing evidence" and, accordingly, this ground fails.

### 6. Post-conviction counsel's alleged ineffectiveness

Thacker's sixth and final ground argues that his post-conviction counsel was ineffective during his RCr 11.42 proceedings for "failing to have him tested for EED." (R. 31, Page ID 347). Respondent argues that this claim is non-cognizable.[5] (R. 24, Page ID 218).

As the Court's November 30, 2020 Order observed, this ground "is plainly meritless because such claims are expressly forbidden by § 2254(i), which provides that '[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.'" (R. 32, Page ID 358); *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). Accordingly, this ground fails as non-cognizable under § 2254(i).

---

[5] Respondent also argues that the claim was not properly exhausted in state court. However, the Court declines to address this argument because, even if the ground were properly exhausted, it would not be a cognizable ground on which to grant federal habeas relief.

18

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings for the United States District Courts, the District Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Thacker's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon entry of a final order in this matter.

### IV.     CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1)     Thacker's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (R. 1) **be denied** and this case **be dismissed;**

2)     a certificate of appealability **be denied** in conjunction with the Court's entry of its final order in this matter; and,

3) Judgment in favor of the Respondent **be entered** contemporaneously with the Court's entry of its final order in this matter.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 28th day of May, 2021.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 IAC\19-125-GFVT Thacker R&R final.docx