UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JIMMY THACKER, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES DAVID GREEN, )<br>)<br>Respondent. )<br>) | Civil Case No. 7:19-cv-00125-GFVT-CJS<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Jimmy Thacker's pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [R. 1.] Consistent with local practice, this matter was referred to Magistrate Judge Candace J. Smith for initial screening and preparation of a report and recommendation. Judge Smith filed her Report and Recommendation on May 28, 2021, in which she recommends that Mr. Thacker's petition be denied. [R. 33 at 19–20.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else he waives his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). On June 10, 2021, Mr. Thacker filed timely and specific objections to three of the six grounds within the Report and Recommendation. [R. 34.]

The Court acknowledges its duty to review Mr. Thacker's filings under a more lenient standard than the one applied to attorneys because Mr. Thacker is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Furthermore, the Court has an obligation to conduct a *de novo* review of the portions of Judge Smith's findings to which Mr. Thacker objected. *See* 28 U.S.C. § 636(b)(1)(C). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedure rules. For the following reasons, Mr. Thacker's objections will be OVERRULED, and Judge Smith's Recommendation will be ADOPTED.

**I**

Judge Smith's Recommended Disposition accurately sets out the factual and procedural background of the case. [*See* R. 33 at 1–7.] The Court incorporates Judge Smith's discussion and will only include a brief recitation of the facts here. In March 2011, a Kentucky jury convicted Mr. Thacker of committing "one count of first-degree assault, five counts of first-degree wanton endangerment, and for being a first-degree persistent felony offender." *Thacker v. Commonwealth*, 2012 WL 3632349, at *1 (Ky. Aug. 23, 2012). Mr. Thacker's convictions arose after he "shot Elizabeth Conn multiple times while she, her little girl, and some of her friends were at her mother's house." *Id.* The state court judge sentenced Mr. Thacker to "twenty (20) years for first degree assault and twenty (20) years for being a first-degree persistent felony offender (PFO I), to run concurrently; and a total of six (6) years for five counts of first-degree wanton endangerment," for a total prison term of twenty-six years. *Id.* at *2.

Mr. Thacker appealed his sentence to the Kentucky Supreme Court, specifically arguing (1) that the trial court erred in admitting prior-bad-acts evidence, and (2) that the trial court improperly ran "the 20-year sentence for PFO I concurrently with the 20-year sentence for the underlying first-degree assault." *Id.* The Kentucky Supreme Court, in a unanimous opinion, rejected Mr. Thacker's prior-bad-acts claim but found that the trial court had committed error in sentencing Mr. Thacker. *Id.* The matter was remanded

> to the trial court to enter a new judgment of one sentence of 20 years on the first-degree assault conviction, enhanced to 20 years under the first-degree persistent felony offender conviction, instead of two separate 20–year sentences on the assault and PFO convictions which the trial court erroneously imposed and ran concurrently.

*Id.*

The following year, in April 2013, Mr. Thacker moved to vacate, set aside, or correct his sentence under Kentucky Rule of Criminal Procedure (RCr) 11.42, arguing ineffective assistance of counsel. [R. 33 at 2.] The state trial court denied Mr. Thacker's motion, which was affirmed by the Kentucky Court of Appeals. *Id.* On August 21, 2019, the Kentucky Supreme Court denied Mr. Thacker's subsequent motion for discretionary review. *Id.*

Mr. Thacker filed this § 2254 Petition in federal court on December 23, 2019. [R. 1.] Mr. Thacker twice sought to hold his "Petition in abeyance while he pursued relief on his CR 60.02 motion in state court," [R. 33 at 3 (citing R. 6; R. 10)] and Judge Smith denied Mr. Thacker's requests on both occasions. [*Id.* (citing R. 8; R. 32).] Judge Smith denied Mr. Thacker's first request because Mr. Thacker had "failed to factually or legally explain why the Court should hold his case in abeyance." [*Id.* (citing R. 8).] And Judge Smith denied Mr. Thacker's second request because his ground "that post-conviction

3

counsel was ineffective was not cognizable under the plain terms of § 2254(i)." [*Id.* (citing R. 32).]

Mr. Thacker has raised six grounds for relief in his § 2254 motion, which are as follows:

1. Mr. Thacker was denied his right to a fair trial when his statement suggesting he had a prior criminal record was introduced a trial;
2. Defense counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth amendments to the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by failing to present evidence that Jimmy Thacker acted in self-defense;
3. Counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by failing to have Mr. Thacker evaluated for EED [extreme emotional disturbance] and competency to stand trial;
4. Defense counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by failing to move to excuse a biased juror;
5. Defense counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by instructing Petitioner to testify that he did not remember what happened the night of the shooting; and,
6. Post-conviction counsel, the Honorable Christine Foster rendered ineffective assistance of counsel during the Movant's RCr 11.42 proceedings which were the Movant's initial review collateral post-conviction proceedings, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.

*Id.* at 3–4 (citing R. 10-1).[1]

Judge Smith filed a Report and Recommendation in this matter on May 28, 2021, [R. 33] and Mr. Thacker filed his Objections to Judge Smith's Report and Recommendation on June 10. [R. 34.] This matter is now ripe for review.

---

[1] Judge Smith made "minor alterations" to "some of [Mr.] Thacker's stated grounds" to "enhance readability." [R. 33 at 4.]

4

II

A

Section 2254 motions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.* at 4 (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Section 2254 provides that a petitioner may obtain habeas relief if a state court's adjudication of the petitioner's ground "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding." *Id.* (quoting 28 U.S.C. § 2254(d)(1)–(2)). The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (citing § 2254(e)(1)).

The "contrary to" and "unreasonable application of" clauses have different meanings. A state court's decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's decision may involve an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). To satisfy the "unreasonable application" standard, however, a state court's decision must have been "objectively unreasonable," and not merely incorrect or erroneous. *Id.* at 520–21. "It bears repeating that even a strong case for relief does not mean the

5

state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Habeas relief is difficult to obtain. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–03. In habeas cases, the petitioner carries the burden of proof, and "this is a difficult to meet, and highly deferential, standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

All but one of Mr. Thacker's claims in his habeas motion allege ineffective assistance of counsel. Under *Strickland v. Washington*, a petitioner seeking to succeed on an ineffective assistance of counsel claim must prove both deficient performance and prejudice. 466 U.S. 668, 687–88 (1984). To prove deficient performance, a petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This is a highly deferential standard, however, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To prove prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Therefore, even a professionally unreasonable error by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Furthermore, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult," because both § 2254(d) and *Strickland*

6

are "highly deferential" and when both the standards apply, review is, in essence, doubly deferential. *Harrington*, 562 U.S. at 105 (internal citations omitted).

**B**

**1**

Mr. Thacker's first ground for relief is that the state court erred by admitting at trial his statement, "I'm going back to prison," which Mr. Thacker stated before shooting the victim. [R. 10-1 at 4.] The Kentucky Supreme Court, after review, concluded that "the statement was relevant and its probativeness as to Appellant's intent and state of mind [regarding his EED defense] was not substantially outweighed by any prejudice he may have suffered from the jury hearing he had been to prison before." *Thacker*, 2012 WL 3632349, at *2. Judge Smith correctly states that because Mr. Thacker's argument concentrates specifically on KRE 404(b), inquiries into a state's own application of its law "is no part of a federal court's habeas review of a state conviction." [R. 33 at 8–9 (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).] Section 2254(d) is limited to contrary or unreasonable applications of "clearly established Federal law, as determined by the Supreme Court." *Id.* (citing *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986)). Therefore, to the extent that Mr. Thacker is claiming that Kentucky courts misapplied KRE 404(b), "he does not provide a cognizable basis for granting habeas relief." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *see also Estelle*, 502 U.S. at 67–68 ("federal habeas corpus relief does not lie for errors of state law…a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal citations omitted).

Although most of Mr. Thacker's argument focuses on KRE 404(b), Mr. Thacker does briefly assert a federal constitutional ground for relief by arguing that admission of the prior-bad-

acts evidence denied him both due process rights and a fair trial. [R. 10-1 at 2–3.] However, Judge Smith found that state-court evidentiary rulings generally do not rise to the level of a due process violation unless they offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." [R. 33 at 9 (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)).] Judge Smith found that Mr. Thacker's argument did not fall within the purview of federal habeas relief because "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence. *Id.* (quoting *Bugh*, 329 F.3d at 512); *see also Stewart v. Winn*, 967 F.3d 538 (6th Cir. 2020) (citing approvingly to *Bugh*).

Mr. Thacker, both in his brief and in his objection to Judge Smith's recommendation, argues that *Old Chief v. United States*, 519 U.S. 172 (1997), supports his position. [R. 10-1 at 5; R. 34 at 2.] In his objections, Mr. Thacker also argues that Federal Rule of Evidence 404(b) is also implicated here. [R. 34 at 2.] However, as Judge Smith correctly points out, *Old Chief* addresses whether Rule of Evidence 404(b) permits prior acts testimony, not whether the admission of certain evidence relates to a federally protected due process right. [R. 33 at 10.] "While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, it has not explicitly addressed the issue in constitutional terms." *Bugh*, 329 F.3d at 513. After review, the Court agrees with Judge Smith's recommendation and Mr. Thacker's first argument fails.[2]

---

[2] Mr. Thacker also objects to the fact that Judge Smith failed to address a portion of a 911 call that was played for the jury during the trial in which a 911 operator was told that Mr. Thacker had been to prison and was on parole. [R. 34 at 2.] However, Mr. Thacker fails to identify any Supreme Court holding that playing the call was in error. *See Stewart*, 967 F.3d at 537–38. In addition, the only issue raised by Mr. Thacker in his motion related to a 911 call was trial counsel's failure to present self-defense evidence, which Judge Smith discusses in her recommended disposition, and therefore the Court need not further address Mr. Thacker's objection here.

2

Mr. Thacker next argues that his trial counsel failed to present self-defense evidence at trial. [R. 10-1 at 6.]  Specifically, Mr. Thacker takes issue with his attorney failing to admit as evidence a 911 call indicating that another person had a gun at the time of the shooting. *Id.*

The Kentucky Court of Appeals, in reviewing whether Mr. Thacker's counsel erred for failing to present a self-protection defense in light of *Strickland*, found that the trial court had not ignored the 911 call or any other evidence before it, but instead found that Mr. Thacker had not acted in self-defense. *Thacker v. Commonwealth*, 2019 WL 1578679, at *2 (Ky. Ct. App. Apr. 12, 2019).  The court based this decision on the fact that Mr. Thacker testified at trial, and in his initial RCr 11.42 hearing, "that he had 'snapped' and did not remember anything about that night." *Id.*  After evaluating the evidence, the trial court found that "it would have been improper to instruct the jury on self-defense or imperfect self-protection," and the court of appeals affirmed. *Id.*

Here, although Mr. Thacker facially asserts a constitutional claim, he is once again attempting to argue that the state courts erred in their application of state law by asserting that the trial court's interpretation of KRS 503.050 is flawed. [R. 10-1 at 7.]  As Judge Smith states, Mr. Thacker once again "misunderstands the nature of federal habeas review." [R. 33 at 11.] Federal habeas review cannot be used to review state court interpretations of state law. *Thomas v. Stephenson*, 898 F.3d 693, 700 n.1 (6th Cir. 2018) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam)).[3]  As Judge Smith found, the Kentucky Court of Appeals held

---

[3] Mr. Thacker's objection to Judge Smith's recommendation as to his second ground for relief is that the state appellate court "misapprehends the evidentiary threshold for KRS 503.050" and that Judge Smith "failed to undergo

that a self-defense or imperfect self-protection defense was not available to Mr. Thacker under Kentucky law, and therefore counsel could not have been constitutionally deficient under *Strickland* for not pursuing those unavailable defenses. [R. 33 at 11 (citing *Boone v. Bergh*, 2009 WL 1124468, at *5 (E.D. Mich. Apr. 23, 2009)).] The Kentucky Court of Appeals analyzed the trial court's findings under *Strickland*, and state courts have wide "latitude to reasonably determine that a defendant has not satisfied that standard." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). The Kentucky Court of Appeals applied the correct rule, and although Mr. Thacker strenuously disagrees with the outcome, he is unable to demonstrate that the court's determination was "objectively unreasonable." *Wiggins*, 539 U.S. at 520–21. Accordingly, Mr. Thacker's second habeas corpus ground will also be denied.

**3**

Mr. Thacker's third argument is that his trial counsel "rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and §§ 2 and 11 of the Kentucky Constitution by failing to have Mr. Thacker evaluated for EED and competency to stand trial." [R. 10-1 at 112.] As Judge Smith states in her recommended disposition, this heading is the same as the one Mr. Thacker used in his appellate brief to the Kentucky Court of Appeals when appealing the denial of his RCr 11.42 motion. [R. 33 at 12.] Mr. Thacker's argument fails for several reasons. The record establishes that Mr. Thacker did not deny guilt at trial but instead claimed that he was acting under EED and asserted a voluntary intoxication defense. *Thacker*, 2012 WL 3632349, at *1. Mr. Thacker's counsel did present an

---

the proper analysis as to whether the state court's adjudication of his claim was based on an unreasonable determination of facts in light of the evidence presented." [R. 34 at 3.] However, as discussed above, federal courts are bound by "a state court's interpretation of state law," which is the situation here. *Thomas*, 898 F.3d at 700 n.1.

10

EED defense, and the Kentucky Court of Appeals determined that trial counsel's EED defense was not unreasonable.  *Thacker*, 2019, WL 1578679, at *3.  In addition, as Judge Smith identifies, Mr. Thacker has failed to present any developed argument as to how the Kentucky Court of Appeals' decision was contrary to a reasonable application of Supreme Court precedent.  [R. 33 at 13 (citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance, however, like those Wogenstahl makes here, are insufficient to state a constitutional claim").]

      Furthermore, Mr. Thacker's argument that trial counsel was ineffective for not having him evaluated for competency to stand trial, based upon his low IQ and mental health concerns, must also fail.  The Kentucky Court of Appeals, in rejecting this argument, found that Mr. Thacker "participate[d] rationally in [his] own defense" and failed to have an expert conduct a trial competency evaluation on him before his RCr 11.42 hearing.  *Thacker*, 2019 WL 1578679, at *3.  A criminal defendant is competent to stand trial if he possesses "(1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and (2) a rational as well as factual understanding of the proceedings against him."  *United States v. Dubrule*, 822 F.3d 866, 875 (6th Cir. 2016).  This standard is very similar to the one found in KRS § 504.060(4) and evaluated by the Kentucky Court of Appeals.  *See Keeling v. Commonwealth*, 381 S.W.3d 248, 262 (Ky. 2012).

      As Judge Smith determined, because the Kentucky Court of Appeals reviewed this ground using the correct legal standard, deference under the AEDPA applies in this case.  [R. 33 at 15.]  Although Mr. Thacker reiterated that he has a low IQ, intellectual disability, and mental health concerns, these assertions alone fail to provide clear and convincing evidence to rebut "the presumption of correctness" of the Kentucky Court of Appeals' finding that he was competent.

*Id.* (citing *Rowe v. Motley*, WL 4490205, at *18 n.4 (E.D. Ky. Sept. 30, 2008)). Ultimately, since Mr. Thacker cannot demonstrate that he was incompetent to stand trial, he is unable to demonstrate that his counsel was ineffective under *Strickland* for failing to have him tested for competency. Accordingly, the Court agrees with Judge Smith's recommended disposition, and this ground fails.[4]

**4**

Mr. Thacker also argues that his trial counsel was ineffective for failing to move to excuse an allegedly biased juror, directing Mr. Thacker to falsely testify, and additional allegations that his post-conviction counsel was ineffective for failing to have him tested for EED during his RCr 11.42 proceedings. [R. 10-1 at 13, 18, 19.] Judge Smith carefully reviewed each of these grounds, and found them all to be without merit. [R. 33 at 16–18.] Mr. Thacker did not object to any of these findings. When no objections are made, as in this case as to the above three grounds, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Smith's recommended disposition as to these grounds.

---

[4] In his opposition brief, Mr. Thacker argues that Judge Smith ignored "the ruling by the 8th Circuit Court of Appeals" when she instead relied on "the Kentucky Court of Appeal's ruling in her determination." [R. 34 at 4.] However, while the views of courts in circuits other than the Sixth Circuit may be respected, those views do not bind district courts within the Eastern District of Kentucky. *See Nixon v. Kent Cty.*, 76 F.3d 1381, 1388 (6th Cir. 1996) (en banc); *see also DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 923 (6th Cir. 2006) (finding opinions "not binding on this court because they are from other circuits"). Accordingly, this objection will be overruled.

## C

The final issue is whether a certificate of appealability should issue as to any of Mr. Thacker's claims. A certificate of appealability may issue where the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is the reviewing court's role to indicate what specific issues satisfy the "substantial showing" requirement. 28 U.S.C. §2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005).

Judge Smith recommends that because "reasonable jurists would not debate the denial of [Mr.] Thacker's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further," a certificate of appealability should be denied as to all matters in this case. [R. 33 at 19.] The Court agrees with Judge Smith's recommendation, and with no objection from Mr. Thacker as to this recommendation, will deny a certificate of appealability as to all claims.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Thacker's Objections **[R. 34]** are **OVERRULED** and Judge Smith's Recommended Disposition **[R. 33]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Thacker's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **[R. 1]** is **DENIED**;

3. A certificate of appealability is **DENIED** as to all claims; and

4. Judgment in favor of the Respondent shall be entered contemporaneously with the Court's final order in this matter.

This the 3rd day of November, 2021.

Gregory F. Van Tatenhove
United States District Judge